MARGARITA MORALES-CINTRÓN, Appellant, v. REGISTRAR OF SAN GERMÁN Respondent.

No. 650. Submitted November 2, 1926.—Decided December 22, 1926.

*José Sabater* for the appellant. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Margarita Morales Cintrón brought this administrative appeal from a decision of the Registrar of Property of San Germán denying admission to record of dominion titles adjudged in her favor by the District Court of Mayagüez

to two rural properties, the registrar's refusal to record them being set out in the following decision:

"DENIED: Record of the foregoing document, a certified copy issued on the 11th of August, 1926, by Enrique Báez and countersigned by Narciso Cuevas, secretary and assistant secretary respectivily of the District Court of Mayagüez, of a decision by Hon. Charles E. Foote, judge of that court, rendered on the same date in civil case No. 11755. A cautionary notice has been entered instead for the period of one hundred and twenty days in favor of Margarita Morales Cintrón on folios 168 and 225 of volume 62 of the municipality of Cabo Rojo, properties Nos. 2493 and 2498. It appears from data existing in the registry, i. e., entries made on folios 167 and 224 of the same volume and for 120 days of properties marked letter 'A' still in force, that it was sought to record two mortgages created by the petitioner herein, Margarita Morales Cintrón, as first mortgages in favor of Julio P. Castro and Ramón López Liaque on the properties in question as per deeds Nos. 95 and 99 executed in the city of Mayagüez before notary José Sabater y García on the 20th and 25th of April respectively. Their records were denied because the mortgaged properties were not recorded in favor of the petitioner nor in favor of any other person. It is stated in the said cautionary notices that the petitioner acquired the properties as testate heir of her father, Florencio Morales Núñez, who died in Cabo Rojo in September, 1887, leaving the petitioner as his only heir, though the petitioner simply alleges in the said proceeding that she acquired the properties by inheritance. From such statements and the information to be found in the registry a reasonable doubt arises in our mind and prevents us from recording the documents in question, because we can not ascertain whether really and by virtue of the said testamentary provision, supposed to have been made by Florencia Morales Núñez, his daughter, the petitioner herein, is his sole heir, and therefore whether the properties belong to her exclusively, or whether there are other heirs with some interest or share in the properties. It appears also from the copy of the certificate of said proceedings that no mention is made of the time of the publication of the summons, the newspaper, the town or city of this island where it was published, and for how long and the number of times of said publication, all of which should be stated. There is no mention either of the manner in which the former owners thereof had been summoned, whether personally or by publication, which circumstances and particulars must be stated

in order to consider the document filed for record and to find out whether they have complied with the requirements of subdivisions 1 and 2 of section 395 of the Mortgage Law. For the reasons stated, and applying by analogy the decisions of the Supreme Court of this island in various cases and principally the cases of *Martínez & Son* (*sic*) v. *Registrar,* 22 P.R.R. 701, and *Vázquez* v *Registrar,* 7 P.R.R. 535.''

One of the grounds set forth by the registrar in his decision refusing to record the dominion title is that he has some doubt as to whether the petitioner is the only heir of her father, because according to two records found in the registry she acquired the properties by testate inheritance from her father, while in the dominion title proceeding it is stated that she acquired them by inheritance.

The doubt of the registrar is unreasonable and illogical, because from the fact, as shown by the records in the registry, that the appellant acquired the properties by testate inheritance and from the fact that in the dominion title proceeding it is stated that she acquired them by inheritance, without mentioning whether or not it was testate inheritance, a doubt might arise as to whether her ownership proceeds from a testate or an intestate inheritance, but never as to whether or not she is the sole heir, because a will or a declaration of heirship may be made even in the case of a sole heir; and, besides, as the petitioner alleged in the court that she had acquired the properties as the sole heir of her father, and as the court held that she was the only heir by inheritance, that holding presupposes that she proved that she was the sole heir.

As regards the other ground for refusal to make the record, we must say that since one of the grounds for the decision of the court in adjudging the dominion title in favor of the petitioner was that the information submitted by her was admitted; that the former owners had been summoned; that the corresponding summons had been published; that the evidence was examined in open court; that the record of

the proceeding was submitted to the district attorney; that his report thereon was favorable, and that nobody was opposed thereto, the petitioner was not required to prove to the registrar the manner in which the said publication and summons had been made. The registrar has no authority to consider the grounds of court decisions, as we have repeatedly declared, nor were such particulars necessary to make the record because they are not required under section 9 of the Mortgage Law regarding the particulars to be set forth in records, or under section 63 of the regulations applicable to records of ownership or possession under section 440 of said regulations, though mention must be made, besides, of the peculiar circumstances of the case as shown by the documents filed in the registry for record. Section 395 of the Mortgage Law, cited by the registrar in his contention that the appellant has to prove to him such circumstances required by him, is not applicable in this case, because its object is only to determine the procedure to be followed by courts in dominion title proceedings. The cases cited by him are not applicable, because that of *Machuca et al.* v. *Registrar*, 22 P.R.R. 701, does not refer to records of dominion title, but to the requisites of a judicial deed of sale to make it recordable, and in that of *Vázquez* v. *Registrar*, 7 P.R.R. 535, the record of a dominion title judgment was properly denied because the decision of the court only decreed the dominion title, without any mention of the proceedings had and without containing the requisites that had to appear in the record. It is different in the case at bar where the decree in favor of Margarita Morales Cintrón contains all of the necessary requisites for its record.

The decision appealed from must be reversed and the record ordered.

Mr. Justice Hutchison took no part in the decision of this case.